James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, | Case No. 2:15-CV-1472 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| THE BLUFFS VILLAGE II COMMUITY ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Nationstar Mortgage LLC's ("plaintiff") motion to amend/correct judgment. (ECF No. 90). Defendants ALAM Investment Ltd Co. ("ALAM") and The Bluffs Village II Community Association ("the HOA") (collectively, "defendants") filed separate responses (ECF Nos. 91, 92), to which plaintiff replied (ECF No. 93).

**I.     Facts**

This case involves a dispute over real property located at 1708 Steamboat Drive, Henderson, Nevada, 89104 (the "property"). (ECF No. 52). On September 26, 2006, Jerilynn Coles ("Coles") purchased the property. *Id.* Coles obtained a loan in the amount of $190,300 from Silver State Financial Services, Inc. ("Silver State") to finance her purchase. *Id.* The loan was secured by a deed of trust recorded on October 5, 2006. *Id.*; (ECF No. 65-1). The deed of trust lists Silver State as the lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary "solely as a nominee for Lender and Lender's successors and assigns." (ECF No. 65-1).

On November 10, 2009, Nevada Association Services, Inc. ("NAS"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $1,854. (ECF

No. 65-4). On November 29, 2011, NAS, acting on behalf of the HOA, recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $4,252.81. (ECF No. 52); (ECF No. 65-5). On June 20, 2013, NAS recorded a notice of foreclosure sale, stating an amount due of $6,893.30 and an anticipated sale date of July 19, 2013. (ECF No. 52); (ECF No. 65-6).

Bank of America National Association ("BOA") was plaintiff's predecessor in interest at this time. (ECF Nos. 52, 65). On July 12, 2013, Rock Jung of Miles, Bauer, Bergstrom & Winters LLP, acting on behalf of BOA, sent NAS a letter requesting a payoff ledger. (ECF No. 65-7). NAS did not provide Jung with a ledger. *Id.* Based on ledgers from different properties in the same housing development, BOA sent NAS a check for $1,620 on July 17, 2013, which represented BOA's calculation of nine months of common assessments on the property. *Id.* The HOA, through NAS, did not accept or cash the check. *Id.*

On July 19, 2013, the HOA foreclosed on the property. (ECF No. 65-8). Defendant Keynote Properties, LLC, ("Keynote") purchased the property at the foreclosure sale for $9,500. (ECF No. 52); (ECF No. 90-1). A foreclosure deed in favor of Keynote was recorded on January December 9, 2013. (ECF No. 90-1).

Plaintiff obtained its interest in the property on August 27, 2014, via a corporate assignment of the deed of trust, which was recorded on September 9, 2014. (ECF No. 65-3). On August 3, 2015, plaintiff filed its initial complaint and notice of *lis pendens* on the property. (ECF Nos. 1, 2). On May 20, 2016, Keynote transferred the property to MRT Assets, LLC ("MRT") via a grant bargain sale deed, recorded on May 23, 2016. (ECF No. 65-11). On June 18, 2016, MRT transferred the property to ALAM via a quitclaim deed, recorded on July 15, 2016. (ECF No. 65-12).

On July 21, 2016, plaintiff filed its first amended complaint. (ECF No. 32). On December 13, 2016, plaintiff filed its second amended complaint, alleging quiet title/declaratory judgment against all defendants, breach of NRS 116.1113 against the HOA, wrongful foreclosure against the HOA, and injunctive relief against ALAM. (ECF No. 52).

In the instant motion, plaintiff asks the court to reconsider its July 10, 2018, entry of judgment in favor of ALAM, based upon an intervening change in controlling case law from the Nevada Supreme Court. (ECF No. 91). *See* (ECF Nos. 87, 89).

**II.   Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

**III.  Discussion**

Plaintiff argues that the court should reconsider its prior order and hold that its deed of trust still encumbers the property because it properly tendered the superpriority portion of the HOA's lien. *See* (ECF No. 90). In light of the Nevada Supreme Court's ruling in *Bank of America*, the court agrees. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018).

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other

HOA fees or assessments." *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

In *Bank of America*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *Bank of America*, 427 P.3d at 121. Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." *Id*. at 118.

The Nevada Supreme Court's holding in *Bank of America* controls the court's analysis in this case. As in *Bank of America*, the HOA has not indicated that the property had any charges for maintenance or nuisance abatement. *See Bank of America*, 427 P.3d at 118. Thus, when BOA (plaintiff's predecessor in interest) sent a check for nine months of assessments to the HOA, it properly tendered the superpriority portion of the lien. Indeed, it makes no difference that BOA relied on a ledger from a different property subject to the same HOA common assessments to calculate the amount of the superpriority portion of the lien, as plaintiff tendered an amount that undisputedly represented nine months of assessments. *See id*. at 118. *See also Tyrone & In-Ching, LLC v. U.S. Bank, N.A.*, 430 P.3d 533 (Nev. 2018); *NV Eagles, LLC v. Christiana Trust*, 429 P.3d 1254 (Nev. 2018).

Therefore, the nonjudicial foreclosure sale did not extinguish the deed of trust. *See id*. at 121 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust"). In light of the foregoing, the court finds that plaintiff is entitled to judgment as a matter of law on its quiet title claim, and therefore plaintiff's deed of trust continues to encumber the property. *See* (ECF No. 52).

. . .

. . .

. . .

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to alter/amend judgment (ECF No. 90) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the court's order filed on June 26, 2018, (ECF No. 87) be, and the same hereby is, VACATED.

IT IS FURTHER ORDERED that the judgment entered on July 11, 2018, (ECF No. 89) be, and the same hereby is, VACATED.

The clerk shall enter judgment accordingly.

DATED January 17, 2019.

_____
UNITED STATES DISTRICT JUDGE